UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DERRICK BUCKNER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. V-08-09 |
| v. | § | |
| | § | |
| **CITY OF VICTORIA, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Plaintiff's First Amended Motion to Order Non-Party Production of Records, Directed to the Victoria County District Attorney (Dkt. No. 25). Having considered the motion, the responses, and the relevant law, the Court finds that the motion should be granted in part and denied in part.

## Background

This civil rights action arises from the alleged unlawful arrest and imprisonment of Derrick Buckner by the Victoria Police Department, certain officers employed therein, and Confidential Informant No. 178. The factual thrust of Buckner's complaint is that the City of Victoria, Texas and the Victoria Police Department's Special Crimes Unit, pursuant to a policy, practice, and/or custom of such behavior, obtained and utilized insufficient evidence from Confidential Informant No. 178 to build a criminal case against Buckner resulting in his eventual arrest and imprisonment. The Victoria County District Attorney, who is not a party to this action, subsequently chose to either dismiss or not seek indictment in three cases involving Buckner, as well as nine other cases involving Confidential Informant No. 178. Accordingly, Buckner claims that the City of Victoria, through Chiefs of Police Richard Jones and Bruce Ure, employed and/or ratified unlawful policies,

practices, and/or customs, and failed to properly train and/or supervise various law enforcement officers resulting in the violation of, among other things, Buckner's Fourth and Fourteenth Amendment rights.

Buckner now seeks an order directing the Victoria County District Attorney to produce/turnover the records related to the Buckner cases and other cases involving Confidential Informant No. 178, which the Court understands to be twelve total cases, three of which involve Buckner and nine of which involve six other individuals not parties to this action. In addition to those cases involving Confidential Informant No. 178, Buckner asks the Court to order the District Attorney to produce/turnover records, documents, recordings, or other materials related to:

> a. *any and all cases* of the manufacturing and delivery of a controlled substance, based upon the use of a confidential informant (CI), to include an offer to sell or buy, a constructive or actual transfer of drugs to a CI, or introduction of an undercover police officer made by the CI. CI includes CI #178 *or any other CI*, except those in active operations currently ongoing.
>
> b. The information stated in (a) above includes any such deliveries made to undercover police officers before or after introduction to the seller by a CI. This will include "clean" buys and "dirty" buys.
>
> c. The time period requested is from January, 2005 to the present.

Dkt. No. 25 at 2 (emphasis added).

According to Defendants, this turnover request would result in the production of materials related to approximately 1,000 cases. Although Defendants are unopposed to the turnover of materials related to the twelve cases involving Confidential Informant No. 178, Defendants argue that the broad production requested should not be permitted until a determination has been made as to qualified immunity. Defendants also question the relevance and materiality of the production sought and claim that the informer's privilege should either eliminate or greatly curtail the discovery

Buckner desires. The Court construes Defendants' objections as a request for a protective order.

Buckner responds by arguing generally that the production requested is not limited to the individual officers to whom qualified immunity might apply, but also goes toward establishing the City's potential liability according to his policy, practice, and/or custom claim. Defendants have not filed a motion to dismiss or motion for summary judgment raising the issue of qualified immunity.

## Standard of Review

Qualified immunity provides that "government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Government officials such as police officers are entitled to assert a qualified immunity defense. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). The defense, however, is available only to individual government officials, not governmental entities. *Owen v. City of Independence*, 445 U.S. 622 (1980). Similarly, the doctrine and the protection it provides applies only to claims against officers in their individual capacities; official capacity claims, which are the equivalent of claims against the government entity, are not subject to qualified immunity. *Kentucky v. Graham*, 473 U.S. 159, 171 (1985); *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004).

Qualified immunity is not merely a defense to liability, but rather provides immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Because the purpose of the immunity is to prevent "distraction of officials from their government duties, inhibition of discretionary action, and deterrence of able people from public service," *Harlow*, 457 U.S. 800, 816 (1982), the defense includes protection "not only from liability, but also from defending against a lawsuit." *Jackson v.*

*City of Beaumont Police Dep't*, 958 F.2d 616, 620 (5th Cir. 1992).

Accordingly, defendants claiming qualified immunity should be shielded as much as possible from "the burdens of broad-reaching discovery." *Gaines v. Davis*, 928 F.2d 705, 706 (5th Cir. 1991) (quoting *Harlow*, 457 U.S. at 800). To ensure this protection, the Fifth Circuit has explained that "[e]ven limited discovery on the issue of qualified immunity 'must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citations omitted). However, courts have also been instructed that "a party asserting the defense of qualified immunity is not immune from all discovery, only that which is 'avoidable or overly broad.'" *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)). Therefore, limited discovery as to defendants entitled to assert a qualified immunity defense must not proceed until the court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. *Id.* at 995.

## Analysis

### I. Standing

Merely in passing and without citation or explanation, Buckner appears to cast doubt upon Defendants' standing to challenge the non-party production at issue here. *See* Dkt. No. 27 at 5. In an analogous circumstance, however, the Fifth Circuit has held that if an objecting party either has "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed," that party has standing to challenge a subpoena issued to a non-party. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Because neither party has briefed the issue, the Court will not address it at length except to announce that here: (1) Defendants appear to have, at one time,

possessed much if not all of the materials sought, (2) Defendants appear to currently possess copies of much of the material sought, and (3) Defendants have, in their briefing, alluded to the protection provided by the informer's privilege that would cut through the production of the materials sought. Other cases have found that standing exists in similar circumstances based on analogous privileges. *See, e.g.*, *Hunter v. Copeland*, No. Civ. A. 03-2584, 2004 WL 1161368, at *1 n. 1 (E.D. La. May 24, 2004) (attorney-client privilege); *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 555 n. 3 (N.D. Ga. 2001) (psychotherapist-patient privilege). Moreover, FED. R. CIV. P. 26(c) appears to grant standing to object to discovery propounded upon a non-party, in that the rule states that "upon motion by a party *or* by the person from whom discovery is sought" a protective order may be obtained. FED. R. CIV. P. 26(c) (emphasis added). Therefore, the Court finds that Defendants have standing to object to the production sought by Buckner from the Victoria County District Attorney.[1]

## II. The Production Plaintiff Requests and Protection Defendants Seek

### a. The Production Requested as it Applies to Individual Defendants

As an initial matter, the Court notes that Defendants' response to Buckner's motion has been filed on behalf of both the City of Victoria and the individual defendants named in this action. As stated above, Courts are not to allow discovery as to individual defendants who might avail themselves of qualified immunity until the Court has determined that the facts, as alleged by the plaintiff, are sufficient to overcome a qualified immunity defense. The discovery which appears to most directly relate to the individual defendants, however, are the requests concerning the turnover

---

[1] The Court notes that Buckner claims the Victoria County District Attorney does not object to the discovery posed. Although the Court has not received evidence from the District Attorney revealing his stance on the production desired, it appears that the District Attorney is indeed unopposed to the discovery sought here. The situation, however, is complicated by the fact that a well-publicized rift exists between the City of Victoria and its law enforcement officials and the current Victoria County District Attorney. Moreover, because the Court has established that Defendants have standing to object to the production sought, the District Attorney's acquiescence to Buckner's discovery demands does not necessarily indicate that the Court should allow a carte-blanche handover of all the materials referenced above.

5

of the cases in which Confidential Informant No. 178 was involved. This portion of Buckner's requested production is unopposed. Thus, while the Court would normally rule on whether Buckner has plead sufficient facts to surmount a qualified immunity defense, because the discovery at issue is unopposed, and it otherwise appears that the issues to be discovered by the turnover of materials related to the cases involving Confidential Informant No. 178 will touch on issues concerning qualified immunity, the Court will allow it to proceed.

Therefore, the Victoria County District Attorney is hereby ORDERED to produce/turnover all materials related to any and all cases involving the manufacture and delivery of a controlled substance, based upon the use of Confidential Informant No. 178, on or before 5:00 p.m. Tuesday, September 2, 2008, to counsel for Buckner at the offices of the District Attorney, at Buckner's cost. These materials include all cases worked by Confidential Informant No. 178 for the time period from January 2005 to the present and are to include "clean" and "dirty" buys. Excluded from disclosure are active cases currently being investigated by the Victoria Police Department's Special Crimes Unit or the Victoria County District Attorney's Office. The District Attorney SHALL, moreover, produce/turnover all of his office's files on the three *State of Texas v. Derrick Oshunn Buckner* cases, including relevant records whether stored in paper or electronic format. Counsel for Buckner is ORDERED to, with due haste, make available all such items to counsel for Defendants for copying at Defendants' cost. To the extent original audio/video recordings are involved in this production, the parties SHALL engage in the production/turnover in a manner consistent with the audio/video production order recently signed by the Court. *See* Dkt. No. 36.

**b.     The Production Requested as it Applies to The City of Victoria**

Qualified immunity protects "individuals acting within the bounds of their official duties, not the governing bodies on which they serve" *Minton v. St. Bernard Parish School Board*, 803

F.2d. 129, 133 (5th Cir. 1986) (citing *Owen v. City of Independence*, 445 U.S. 622 (1980)). Because municipalities are not entitled to qualified immunity, plaintiffs should be allowed to engage in discovery in order to pursue their claims against such defendants. *See Gilbert v. City of Dallas*, Civ. A. No. 3:99CV1463X, 2000 WL 748153, at \*\*1-3 (N.D. Tex. June 8, 2000) (citing *Sorrells v. City of Dallas*, 192 F.R.D. 203, 210 (N.D. Tex. 2000)); *see also Tubar v. Clift*, Civ. A. No. C05-1154JCC, 2006 WL 521683, at \*\*2-4 (W.D. Wash. Mar. 2, 2006); *Rome v. Romero*, 225 F.R.D. 640, 643-44 (D. Colo. 2004); *Buffin v. Bowles*, Civ. A. No. 3:99-CV-1386-H, 2000 WL 575216, at \*5 (N.D. Tex. May 11, 2000).

Unlike the discovery discussed in the preceding section, which is limited to the individual defendants in this case, the production sought to pursue Buckner's claim against the City of Victoria is much broader. The discovery which appears to encompass Buckner's claims against the City includes the portion of the requested production concerning all drug-enforcement cases involving confidential informants apart from the twelve participated in by Confidential Informant No. 178. Because municipalities are not entitled to qualified immunity, however, Defendants' argument that qualified immunity protects them from such discovery misses the mark. Moreover, while such discovery might require the involvement of individual defendants and threaten the protections such parties are provided by qualified immunity, "parties who may be entitled to qualified immunity are not necessarily exempt from discovery when called as witnesses to claims against a non-immune defendant." *Gilbert*, 2000 WL 748153 at \*\*1-3 (citations omitted).

Defendants' brief contention that the materials requested are irrelevant and immaterial is also of no avail as the Court cannot say that all of the materials requested are of no relevance to the litigation before the Court. To the contrary, much if not all of the materials sought appear to directly relate to the allegations made in Buckner's Original Complaint (Dkt. No. 1), i.e., that the City of

7

Victoria has either established or condoned a practice, policy, and/or custom of allowing cases to proceed to a grand jury and beyond based on unsubstantiated cause from insufficient confidential informant reports.[2] *See Grandstaff v. City of Borger*, 767 F.2d 161, 170 (5th Cir. 1985) ("Prior incidents of abusive police conduct tend to prove a pattern or custom and the accession to that custom by the policymaker"); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); FED. R. EVID. 401; FED. R. CIV. P. 26(b)(1).

Despite the Court's ruling that qualified immunity does not protect the City from the production desired and that at least some of the materials sought are relevant, Rule 26(c) of the Federal Rules of Civil Procedure may shield a defendant from overly-broad discovery. Rule 26(c) authorizes a court, for good cause shown, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c). "The requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Occidental Chem. Corp. v. La. Pub. Serv. Comm'n*, Civ. A. Nos. 06-894-JJB-DLD, 06-903-JJB-DLD, 2008 WL 566833, *2 (M.D. La. Feb. 29, 2008) (citing *In re Terra Intern., Inc.*, 134 F.3d 302 (5th Cir. 1998)).

The production requested here, if allowed, would result in the turnover of a significant amount of files, and in this Court's opinion, be far too invasive at this stage. This Court simply will not sanction a fishing expedition into all the drug enforcement cases involving confidential informants occurring over the past three-plus years and thus will curtail the non-party production

---

[2] Because the Court will not indulge the entirety of Buckner's production request, however, the Court need not at this time delineate between which portions of the materials he requests are relevant and which are not.

as follows:

1. Consistent with the Court's orders above, the Victoria County District Attorney SHALL produce/turnover the materials related to the cases involving Confidential Informant No. 178.

2. If, from this production or any other evidence, Buckner can show good cause to expand his discovery as it applies to the City of Victoria, i.e., Buckner can establish from the materials produced a colorable practice, policy, and/or custom claim against the City, then, upon motion by the plaintiff, the Court may allow further production at that time.

## Conclusion

Based on the foregoing, the Court finds good cause to GRANT in part and DENY in part Plaintiff's First Amended Motion to Order Non-Party Production of Records, Directed to the Victoria County District Attorney (Dkt. No. 25). Accordingly, the Court ORDERS that discovery proceed in accordance with the Court's directives above.

Signed this 26th day of August, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE